**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pipeline Technologies, Inc., ) | CV 13-02104-PHX-PGR |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Telog Instruments, Inc., et al., ) | |
| ) | |
| Defendants. ) | |

Before the Court is Defendants' Motion to Amend Their Pleadings. (Doc. 52.) Plaintiff opposes. (Doc. 58.) The motion will be granted for the reasons set forth below.

**DISCUSSION**

Plaintiff filed this action on October 16, 2013, alleging infringement of U.S. Patent No. 7,219,553 and U.S. Patent No. 7,357,034.[1] (Doc. 1.) On November 8, 2013, Defendant Telog Instruments, Inc., filed its Answer and Counterclaims (Doc. 12) and Defendant Applied Products Group, LLC, filed its Answer (Doc. 13).

On March 10, 2014, the Court issued a scheduling order. (Doc. 45.) The order adopted the parties' proposed deadline of April 25, 2014, for requests to amend pleadings and for the parties to exchange proposed terms and claim elements to be construed. The pending motion to amend was filed on April 25, 2014.

---

[1] The patents "concern the monitoring of pipeline pressures and the detection of transients—sudden variations in pipeline pressures." (Doc. 39 at 2.)

Defendants' amended pleadings assert new affirmative defenses of invalidity of the asserted claims of the patents-in-suit and add a defense of lack of standing to recover certain damages sought by Plaintiff. (Doc. 52.)

**1.    Applicable Law**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that courts "should freely give leave [to amend] when justice so requires." Courts have emphasized that "[t]his policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003) (quotation marks omitted).

Factors commonly used to determine the propriety of a motion for leave to amend include bad faith, undue delay, failure to cure deficiencies by previous amendments, prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The factors are not necessarily equal, and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. Moreover, while a district court may consider the factor of undue delay, "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 757–58 (9th Cir. 1999); *see Eminence Capital*, 316 F.3d at 1052 ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption . . . in favor of granting leave to amend.").

The party opposing the amendment carries the burden of showing why leave to amend should not be granted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). The decision to grant or deny a request for leave to amend rests in the discretion of the trial court. *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

**2.    Analysis**

Plaintiff first contends that Defendants exhibited undue delay in filing the motion to amend. Motions to amend may be found untimely even if, as in this case, they are brought within the time allowed by a scheduling order. *AmeerisourceBergen Corp. v. Dialysist West,*

*Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). In determining timeliness, courts "do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Id.*; *see Acri v. International Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."). Courts also consider whether allowing an amendment would cause delay in the operative trial schedule. *See Loehr v. Ventura County Community College District,* 743 F.2d 1310, 1320 (9th Cir. 1984) (permitting an amendment "would have substantially complicated and delayed the case for new discovery, responsive pleadings, and considerations of state law").

Plaintiff asserts that the motion to amend, which was filed on the last day of the deadline set forth in the scheduling order, is untimely because Defendants knew or should have known of the facts on which their affirmative defenses are based at the time they filed their answers in November 2013. (Doc. 58 at 7–10.)

Defendants reply that they became aware of the factual and legal bases for their new defenses and counterclaims when they deposed the previous patent owners, the Worthingtons, on April 16 and 17, 2014. (Doc. 61 at 4.) It was then they learned there had been no written license agreement between Plaintiff and the previous owners prior to the September 4, 2013, assignment of the patent to Plaintiff. (*Id.* at 3.) This information was the basis for their defense that Plaintiff is barred from seeking lost profits or other damages prior to the assignment date. Defendants also assert that some of the grounds of their invalidity defenses were revealed during the depositions, when the Worthingtons "offered unique interpretations of certain claim terminology in the asserted claims of the patents-in-suit." (*Id.* at 5.)

Plaintiff counters that the Defendants have not shown that information regarding the

- 3 -

assignment or the prior art was unavailable to Defendants before they filed their answers. (Doc. 58 at 8.) However, it is Plaintiff's burden to show that leave to amend should be denied, and neither its timeliness argument nor its claim of undue prejudice is sufficient to carry that burden.

As an initial matter, the Court notes that granting leave to amend will not delay the operative schedule. Pursuant to the Court's scheduling order, the deadline for fact discovery is January 12, 2015; the deadline for filing dispositive motions is April 20, 2015; and trial is set for July 7, 2015, more than a year from now.

More significantly, Plaintiff has not established that the proposed amendments, regardless of their timeliness, would result in undue prejudice. "'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *SAES Getters S.p.A v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086 (S.D.Cal. 2002) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)); *see Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (stating that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend"). The burden of having to defend a new claim or engage in additional discovery does not, standing alone, constitute undue prejudice. *See DCD Programs*, 833 F.2d at 186 (explaining that "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties").

Plaintiff alleges that it would prejudiced by allowing the amendments relating to invalidity because the deadline for proposing claim terms and elements to be construed has passed. According to Plaintiff, if it had known that Defendants intended to include invalidity defenses and counterclaims, it "would have analyzed the patents under a different lens in preparing the proposed terms and elements to be construed . . . , potentially proposing more

terms and elements to be construed." (Doc. at 58 at 10–11.) Plaintiff also contends that prejudice exists in the form of additional litigation costs that could have been avoided if Defendants had included the proposed amendments in their originals answers. (*Id.* at 11.)

Defendants reply that Plaintiff is not prejudiced because their invalidity contentions, based on extrinsic prior art, are not relevant to Plaintiff's proposed terms and elements to be construed. (Doc. 61 at 5–6.) The Court agrees that Plaintiff's reference to analyzing the patent under a "different lens," "potentially" resulting in more claims to be construed, is not sufficient to establish prejudice from the addition of Defendants' invalidity arguments.

The Court also agrees with Defendants that the proposed amendments will not add to Plaintiff's litigation costs. Those costs would have been incurred if the proposed amendments had been included in Defendants' original answers. Moreover, given the length of the remaining discovery period, Plaintiff will not, as it contends, be left to "scramble to ascertain certain facts." (Doc. 58 at 11.)

Plaintiff has not satisfied its burden to show substantial prejudice so that leave to amend should be denied. Under the circumstances present in this case, the new counterclaims and defenses do not "greatly alter" the nature of the litigation and will not require Plaintiff to pursue "at a late hour, an entirely new course of defense." *Morongo*, 893 F.2d at 1079; *see In re Laitram Machinery, Inc.*, 52 F.3d 343, 1995 WL 138959, at *4 (Fed.Cir. 1995) ("Permitting an amendment or the filing of a counterclaim in this case will not add any issues at trial because the court will in any event be trying infringement, invalidity, and unenforceability of the patents.").

Unlike the cases cited by Plaintiff, this is not a case where a party's delay in seeking amendment will result in undue prejudice. In *AmeerisourceBergen*, for example, the plaintiff filed a complaint on August 2, 2002, alleging that the defendant Dialysist West breached a sales agreement by providing a counterfeit version of the drug Epogen. 465 F.3d at 950. On March 18, 2003, Dialysist West filed a counterclaim demanding that AmerisourceBergen pay

1  the approximately $2.2 million it owed for the non-Epogen drugs (including Procrit) it had
2  supplied to AmerisourceBergen. *Id.* On May 30, 2003, AmerisourceBergen filed a reply to
3  the counterclaim in which it conceded that the non-Epogen products were genuine. *Id.* On
4  July 22, 2003, Dialysist West filed a motion for judgment on the pleadings. *Id.* Finally, on
5  August 25, 2003, AmerisourceBergen filed a cross-motion for leave to amend its complaint
6  and its reply to Dialysist West's counterclaim. *Id.* It now alleged, in direct contradiction of
7  the reply it had filed three months before, and based on information it could have known 15
8  months earlier, that the Procrit was counterfeit. *Id.* The district court granted Dialysist West's
9  motion for judgment and denied AmerisourceBergen's motion for leave to amend. *Id.*

The Ninth Circuit affirmed, explaining:

> Even though eight months of discovery remained, requiring the parties to scramble and attempt to ascertain whether the Procrit purchased by AmerisourceBergen was tainted, would have unfairly imposed potentially high, additional litigation costs on Dialysist West that could have easily been avoided had AmerisourceBergen pursued its "tainted product" theory in its original complaint or reply. Allowing AmerisourceBergen to "advance different legal theories and require proof of different facts" at this stage in the litigation would have prejudiced Dialysist West and unfairly delayed Dialysist West's collection of a judgment worth approximately $2.2 million.

*Id.* at 953 (footnote and citations omitted).

The prejudicial impact of the amendment in *AmerisourceBergen* is easily distinguished from the circumstances here. The proposed amendments to Defendants' answers do not "substantially change[] the theory on which the case has been proceeding" and were not "proposed late enough so that the opponent would be required to engage in significant new preparation." *Id.*, n.10 (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed.1990)).

The other cases cited by Plaintiff also address situations where the litigation was so far advanced so that the addition of new claims would prejudice the opposing party. *See Loza v. American Heritage Life Ins. Co.*, No. 09-CV-1118-PHX-DGC, 2009 WL 4824756, at *3 (D.Ariz. Dec. 9, 2009) (finding undue delay and prejudice where new issues "would be

- 6 -

injected into this case at a time when discovery is complete, experts have been disclosed, and dispositive motions have been filed"); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (denying leave to amend where "Texaco waited until after discovery was over, just four and a half months before the trial date, before moving to amend its complaint" and defendant "would have been unreasonably prejudiced by the addition of numerous new claims so close to trial"); *see also Unique Industries, Inc. v. 965207 Alberta Ltd.*, 764 F.Supp.2d 191, 208 (D.D.C. 2011) (denying amendment where "the plaintiff's motion for leave to amend comes after the preparation of expert reports, after the close of discovery and after the submission of motions for summary judgment.").

## CONCLUSION

Plaintiff has not established that the timing or the content of the proposed amendments will result in prejudice substantial enough to overcome the strong policy of permitting amendment under Rule 15.

Accordingly,

**IT IS HEREBY ORDERED** granting Defendants' Motion to Amend (Doc. 52). Defendants are ordered to file and serve the amended pleadings on Plaintiff no later than June 20, 2014.

DATED this 3rd day of June, 2014.

Paul G. Rosenblatt
United States District Judge